## WILLIAM THOMPSON v. GRACIE MOILES.

*Evidence of value—Damages for removing timber.*

Witnesses as to value can base their opinions on actual sales of which they have knowledge, but can hardly be cross-examined as to what they have offered to sell similar property for.

In an action for trespass *quare clausum* for entering land and cutting timber it is correct to charge that if the value of the timber cut covered the damage thereby done the land, that should be the basis of the verdict, but if not, it should be the damage done the land by the cutting and removal of the timber.

Where a person cuts timber in good faith, believing that he has a right to, the measure of damages is the difference between the values of the land with the timber standing, and with the timber removed; or it is the amount of injury caused by defendant's going on the land and cutting and removing the timber as a continuous act. And the increased value of the trees, caused by defendant in converting them into logs, should not be included.

Error to Saginaw. Submitted April 6. Decided April 13.

TRESPASS *qu. cl.* Defendant brings error. Affirmed.

*Dan. P. Foote* and *Benton Hanchett* for plaintiff in error. The measure of damages for the wrongful removal of timber in good faith is the difference between the value of the land before and after the timber is cut: *Argotsinger v. Vines* N. Y. Ct. of App: 22 Alb. L. J. 415; *Chipman v. Hibberd,* 6 Cal. 162; and the increased value of the timber by reason of defendant's labor, should not be included: *Foote v. Merrill* 54 N. H. 490: 20 Amer. 151; the measure of damages is held to be the value of the stumpage in *Single v. Schneider* 30 Wis. 570; *United States v. Magoon* 3 McL. 171; *Goller v. Fett* 30 Cal. 482; but in trover for wilful conversion the measure has been held to be the value at the place of conversion: *Symes v. Oliver* 13 Mich. 9; *Final v. Backus* 18 Mich. 218; *Grant v. Smith* 26 Mich. 201.

*Edget & Brooks* for defendant in error.

MARSTON, C. J.    This was an action of trespass *qu. cl.*    It appears that Thompson in the winter of 1879 cut a number of pine trees standing upon a certain piece of land owned by the plaintiff, and it was admitted that the defendant acted in good faith in cutting and removing the timber.

Henry Moiles, the husband of plaintiff, was examined as a witness in her behalf.    On the direct examination he gave no evidence as to the value of the timber cut or injury to the land, because he did not know the quantity or value of the timber cut and removed.    On cross-examination defendant's counsel sought to show by this witness that the same winter he sold timber of the same kind and quality, taken from off an adjoining section and near to the lands upon which the trespass was committed, and then asked the witness at what price he sold or offered to sell such timber. This was objected to and the objection sustained.

We are not satisfied that the defendant below was injured by this ruling.    It was not a sale of the timber in question. It was in fact but an offer to sell other timber of like kind and quality.    Witnesses called to fix values have a right to give their opinion based upon actual sales known by them to have been made, but we think it would be going too far to hold that the court erred in rejecting an offer to prove a mere proposition to sell property similar to that in dispute to fix the value.

The only other question raised which we deem it necessary to consider relates to the charge of the court touching the measure of damages.    There is no doubt but that the request* made by counsel for defendant upon this part of

---

*Defendant requested the court to charge the jury as follows:

"This is an action of trespass to land, brought by the plaintiff to recover from the defendant damages to her land caused by his going upon it, and cutting down and carrying away certain 'pine trees.    It is conceded by the plaintiff that defendant acted in good faith, believing that he had a right to cut and remove those trees, and admitted by the defendant that he was mistaken and that he had no such right; this being so the measure of damages will be the difference in value of the land with the timber standing on it, and its value after it was cut, and the timber removed.    In other words, the measure of damages is the amount of injury to the plaintiff's land by reason of the defendant going upon it, and cutting and removing the trees as a continuous act, and the increased

the case was correct, and we also think that the court, in the first instance, did not give the same even in substance. But upon the attention of the court being called thereto, further instructions were given, and directed the jury to determine whether the value of the timber cut covered the damage done to the land by the cutting thereof. If so, that should be the basis of their verdict, but if not, then to fix the amount at the damage done the land by the cutting and removal of the timber. This we think was substantially what counsel had requested, and the jury could not have misunderstood the measure here given them.

We discover no error and the judgment will be affirmed with costs.

The other Justices concurred.

<hr />

value of the trees occasioned by the labor of defendant, converting them into logs, is not to be included."

Which request the said circuit judge refused to give, to which refusal the defendant then and there excepted.