## DIGGS, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, April 28, 1908.**

1. **RAILROADS: Fires: Negligence.** In an action against a railroad company for destruction of the plaintiff's trees set on fire by sparks from the company's locomotive, negligence is not of the essence of the case.

2. ———: ———: **Prima-Facie Case.** In an action against a railroad company for damages caused to plaintiff by the destruction of his maple trees, where it was shown that the defendant's right of way opposite plaintiff's farm was overgrown with grass and other combustible material, that fire started in the grass and spread to the plaintiff's trees and destroyed them, that the fire was discovered just after a train had passed and while it was still in sight, plaintiff made out a prima-facie case.

3. ———: ———: **Title.** And in such case where no record evidence was introduced to show the title, but plaintiff testified that he owned the farm and had been in continuous and undisturbed possession of it for twenty-one years, the title to the trees destroyed was in him so that he could recover for their destruction.

4. ———: ———: **Measure of Damages: Evidence.** In an action for damages for the destruction of plaintiff's shade trees by fire, the measure of damages was the difference between the value of the premises before the trees were burnt and the value afterwards. Evidence offered by the defendant that while plaintiff's trees were taken from the forest, the same kind of trees raised in a nursery could be grown to the size of the trees destroyed in much less time than the plaintiff's had

grown, was competent. Such evidence tended to show the cost of reproducing the trees and throw light upon the amount of damages according to the proper rule.

5. **APPELLATE PRACTICE: Abstract of Record: Amending Abstract.** Where the appellant's 'abstract of the record failed to show the filing of the bill of exceptions, but the abstract was amended so as to show that before the submission of the cause, and the appellant in the same brief in which he suggested the defect in the abstract, considered the appeal on the merits, touching every point raised by the appellant, he was put to no extra trouble or expense on account of the amendment of the abstract and was not in position to complain of it.

Appeal from Montgomery Circuit Court.—*Hon. Jas. D. Barnett*, Judge.

REVERSED AND REMANDED.

*J. L. Minnis, G. Pitman Smith* and *H. W. Johnson* for appellant.

(1)    The court erred in overruling defendant's motion to make plaintiff's petition more specific. R. S. 1899, sec. 592; Story v. Insurance Co., 61 Mo. App. 538. (2)    The court erred in overruling defendant's demurrer to plaintiff's petition. (3)    The court erred in overruling defendant's demurrer in the nature of an instruction offered at the close of plaintiff's evidence. Peck v. Railway, 31 Mo. 123; Peffer v. Railway, 98 Mo. 291; Fund v. Railway, 123 Mo. 169. (4)    The court erred in excluding the evidence of defendant's witnesses, J. C. Polster and Hageman. Muldrow v. Railway, 62 Mo. 431.

*E. Rosenberger & Son* for respondent.

(1)    There is nothing for review before this court but the record proper, because the abstract as prepared by appellant fails to show that the bill of exceptions was ever filed and made of record. Fulkerson v. Houts, 55 Mo. 301; Johnson v. Hodges, 65 Mo. 589. (2)    (a)

The petition is good and states a cause of action. Palmer v. Railroad, 76 Mo. 217; Wise v. Railroad, 85 Mo. 178; Crews v. Railroad, 19 Mo. App. 302. (b) Where a motion to make plaintiff's petition more definite is overruled and defendant answers he waives the defect, if any there be. Sauter v. Leveridge, 103 Mo. 615; State ex rel. v. Bank, 160 Mo. 640; Mankameyer v. Egelhoff, 93 Mo. App. 183.

GOODE, J.—This is an action to recover damages for the destruction of eighteen maple trees growing on plaintiff's premises. He was allowed to go to the jury for the value of only thirteen trees. These trees had been transplanted eight years before from their native forest where they grew wild. On January 4, 1905, they were burnt, it is alleged, by fire communicated to them from one of the defendant's locomotives. The petition proceeds on the theory of negligence, and alleges defendant so carelessly ran and managed its locomotives that sparks and fire were negligently permitted to escape from the locomotives and fly to plaintiff's farm and a part of the right of way belonging to the company where it had carelessly permitted dry grass, weeds and other combustible material to accumulate. The answer was a general denial and a plea of contributory negligence in which it was averred plaintiff's careless management and cultivation of his premises and pastures, and his allowing dry grass and other combustible matter to grow thereon had contributed to the loss. This theory of plaintiff's right to recover depending on his proving the negligence of the defendant caused the fire, and that contributory negligence on his part would be a defense, was carried through the trial and into the instructions, though we do not perceive that under the law, negligence was of the essence of the case. The evidence for plaintiff proved the right of way was overgrown opposite the portion of his farm where the trees

stood, with dry grass and other combustible material, and that the fire started in the grass on the right of way, spread from there to plaintiff's farm and burnt the trees. The fire was discovered just after a train had passed and while it was still in sight. We hold plaintiff made a prima-facie case, and overrule the exceptions taken to the refusal of the trial court to sustain a demurrer to his evidence or direct a verdict for defendant after all the evidence had been received.

Much is said in the brief for the railroad company against plaintiff's right to recover, based on the assumption he was not the sole owner of the land or the trees standing on it. No record evidence as to the state of the title was introduced, but plaintiff testified he owned the entire farm of 268 acres, on which stood a maple orchard, as he styled it, covering about three acres. Said orchard was part of a tract of 168 acres which plaintiff had acquired thirty years before by purchase from his father. He afterwards conveyed this tract to his wife and she to one Cain, who reconveyed it to plaintiff. The maple orchard was on said tract. The position of the company in regard to the title seems to rest on the notion that whatever interest plaintiff had in the farm, was by inheritance from his father, and as plaintiff had brothers and sisters he did not inherit the entire fee. But according to the plaintiff's testimony, his title to only one hundred acres of the farm was acquired by inheritance and the trees were not on this tract. Moreover, he had been in peaceable, continuous and undisturbed possession of the entire 268 acres for twenty-one years, claiming to own it. We hold the title to the trees was vested solely in plaintiff.

Only one other point needs investigation. Both parties agree the measure of damages was the difference between the value of the premises before the trees were burnt and their value afterwards, and likely this view of the law is correct. [Shannon v. Railroad, 54 Mo. App. 223; Gates v. Railroad, 44 Mo. App. 488; White

v. Stoner, 19 Mo. App. 540.] Certain testimony was offered by counsel for the company, as relevant to the question of damages and tending to throw light on the comparative values of the premises before and after the loss of the trees. An experienced nurseryman who had been raising and selling shade trees of the maple and poplar varieties for eighteen years in the county, was introduced by defendant. This witness testified maples transplanted from a nursery were of quicker growth, hardier and more apt to live than those transplanted from the forest—were better trees, in fact. Certain questions were propounded to him by the counsel for the company, the purpose of which was to prove you can plant a maple taken from a nursery when it is two or three years old, and in the course of three or four years it will furnish as thick and widespread shade as did the burnt trees; also what would be the expense of planting nursery maples and raising them to the size of the trees in question when burnt. This testimony was objected to by counsel for plaintiff as irrelevant, chiefly because the destroyed trees were taken from the forest and the damages could not be measured by comparing such trees with nursery stock. No doubt the proposition is correct that the measure of damages would not be the difference between the cost of raising nursery and forest maples after transplanting, nor the cost of raising either variety. The measure of damages adopted by both sides, was, as we have stated, the comparative values of the land before and after the trees were burnt, or with and without shade trees of the kind and size plaintiff's were. The focus of the contest in this case was over the amount of the damages and the witnesses were far apart in their estimates; hence the importance of the question of the competency of the excluded testimony. Testimony about the age at which nursery maples could be planted, how soon they would reach the size and give the shade of the burnt trees, and the cost of transplanting them, would tend to throw

light on the actual damage plaintiff sustained when measured by the correct rule. Witnesses testified as to the hardiness, quickness of growth and shade of nursery maples and made them superior to transplanted forest maples in those qualities. Now the value of the land after the trees were burnt as compared with its value before, would depend in some measure on the cost of reproducing as good shade maples as those burnt. This question was discussed and the rule declared as we have stated it in Muldrow v. Railroad, 62 Mo. App. 431. That action was to recover the value of a hedge which had been burnt. The measure of damages is the same for the destruction of a hedge as for the destruction of shade trees, and the question of what evidence would be admissible to throw light on the damage is the same in either case. The court said it could not be gainsaid the cost of producing a hedge had some bearing on the value of the land it inclosed, and one element to show the reduction of its value by the destruction of the hedge was the cost of replacement. We think the court erred in the exclusion of the testimony offered by defendant.

It is insisted by plaintiff's counsel this court can look into nothing but the record proper, because the abstract filed by defendant failed to show the filing of a bill of exceptions in the court below. The abstract was amended prior to the submission of the cause and plaintiff's counsel, though he suggested the defect in the abstract, in his brief wherein the suggestion was made, took up and considered the appeal on its merits, touching every point raised by the defendant. Therefore it appears plaintiff was put to no extra expense or trouble in preparing a new brief or taking any other step in the case in consequence of the amendment of the abstract.

The judgment is reversed and the cause remanded. All concur.