SALLIE M. JENKINS v. THE MONTGOMERY LUMBER COMPANY.

(Filed 15 March, 1911.)

1. Timber Deeds—Contracts—Trees Under Size—Trespass.

An action against the grantee in a timber deed, or his assignees, for the cutting of trees of less dimension than those specified in the deed is virtually one for trespass on the land in wrongfully cutting and removing timber therefrom.

2. Timber Deeds—Contracts—Time for Cutting—Expiration—Ownership.

Trees not cut by the grantee or his assignees under a timber deed within the period of time therein fixed for the purpose become the property of the owner of the land.

3. Same—Offset.

The grantee in a timber deed may not offset .damages to the land sustained by the owner, caused by his wrongfully cutting

trees under the size specified in his contract, by the value of the
trees of the specified size he has left on the land after the expira-
tion of the period of time allowed for his cutting them, as such
have then become the sole property of the owner.

4. Timber Deeds—Contracts—Trees Under Size—Measure of Dam-
ages.

The measure of damages in an action against the grantee in a
timber deed for the wrongful cutting of trees under the size
specified in the contract is the difference between the value of the
land before and after the wrong was committed, or the amount
by which the land was diminished by the trespass.

Appeal by defendant from *Joseph S. Adams, J.,* at Fall
Term, 1910, of Gates.

The facts are sufficiently stated in the opinion of *Mr. Justice
Walker.*

*W. M. Bond for plaintiff.*

*L. L. Smith, Aycock & Winston, and F. S. Spruill for de-
fendant.*

Walker, J.   The plaintiff brought this action to recover
damages for trespassing on land and injuring the same by cut-
ting trees and removing them therefrom.   Plaintiff, being the
owner of the land, had contracted with one L. Hofler that he
might cut and remove therefrom all the pine, oak, gum and
maple timber standing thereon and measuring 12 inches or
more at the stump.   Defendant acquired all the rights of Hofler
and his assignees, Truitt & Co., under the contract, but in-
stead of cutting and removing only the timber of the size
mentioned in the contract, it cut and removed much smaller
timber, and thereby damaged the land.   The action is virtually
one for trespass on the land in wrongfully cutting and remov-
ing timber therefrom.   Two questions are presented: the first
one by the exclusion of testimony offered by the defendant to
show that, at the expiration of the time allowed for cutting and
removing the timber, he left on the land timber of the contract
size sufficient in quantity to more than offset the plaintiff's
damage from cutting the undersized timber.   Defendant con-
tends that this was a legitimate matter to be considered by the

jury in assessing the plaintiff's damages, but no authority in point was cited for the position. We have decided at this term (*Hornthal v. Howcott, ante,* 228) that the trees not cut within the period fixed by the contract were the property of the owner, or, as in that case, of his grantee. *Justice Allen,* summing up the law upon the subject, as settled by prior decisions, said: "At the expiration of four years, under the terms of the deed, the Roper Lumber Company had no title to the timber not removed, and the effect of the deed was to convey to the lumber company all the pine and poplar timber cut and removed within four years, and no more. The exception is no broader than this. Therefore the deed of the plaintiffs to the defendants conveys the land and all the pine and poplar timber not cut and removed by the Roper Lumber Company within four years from the date of the deed to it." The decision is fully sustained by the cases cited. *Bunch v. Lumber Co.,* 134 N. C., 121; *Hawkins v. Lumber Co.,* 139 N. C., 163; *Lumber Co. v. Corey,* 140 N. C., 467, and *Strasson v. Montgomery,* 32 Wis., 52. In the *Hawkins case, Justice Hoke* thus tersely stated the principle: "The true construction of this instrument is that the same conveys a present estate of absolute ownership in the timber, defeasible as to all timber not removed within the time required by the terms of the deed." We said in *Bunch v. Lumber Co., supra,* that: "In no event should we give a construction to the instrument which will confer any greater right or estate than is commensurate with the object and purpose of the parties, as expressed in it. The spirit and letter of the contract exclude the idea that when the time fixed by it expired the defendant's assignor was to have any right, interest, or estate in the timber then standing on the land. . . . The conveyance is of all the trees and timber on the premises, with the proviso that the vendee should take the same off the land within four years. It is well settled, on principle and by authority, that the legal effect of the instrument is that the vendor thereby conveyed to the vendee all of the trees and timber on the premises which the vendee should remove therefrom within the prescribed time, and that such as remained thereon

after that time should belong to the vendor or to his grantee of the premises," citing *Strasson v. Montgomery, supra.* As, therefore, the trees remaining upon the land belonged to the plaintiff, it follows that defendant's leaving them there cannot be used by him in recoupment of the plaintiff's damages. A debtor has no right, either legal or moral, to pay his debt with the property of the creditor. He would be paying nothing, but merely conceding to his creditor that which already is his. This claim being without any foundation in law, must, we think, be rejected, and this disposes of the first three exceptions.

The next and last exception is to the judge's charge that the measure of damages is the difference between the value of the land before and after the wrong was committed, or the amount by which the land was diminished in value by the trespass. We do not well see why this was not the proper rule. It could not be merely the value of the fallen trees, for, if undersized or very small, they might have no appreciable value. The safest and best standard is that which his Honor adopted, and we have so held at this term (*Williams v. Lumber Co., ante,* 306). The opinion in this case was also delivered by *Justice Allen,* who said: "In a note to *Louisville R. R. v. Beeler,* 15 Am. and Eng. Anno. Cases, 916, the authorities from Canada, the Supreme Court of the United States, and from the highest courts of all the States are collected, numbering more than two hundred, and from an examination of these it appears that the decided weight of authority is in favor of the rule that the measure of damage is the decrease in the value of the land by reason of the cutting, or the difference in the value of the land before and after cutting, although there are many cases in favor of the rule that the measure of damage is the value of the trees on the land after they have been severed. We think this conflict of authority probably had its origin in the different forms of actions at common law, and to the distinctions between the actions of trover and conversion, *trespass de bonis asportatis* and *trespass quare clausum fregit.* If one entered upon the land of another and cut trees thereon, the owner of

the land and of the trees had his election at common law to sue in trover and conversion or in *trespass de bonis asportatis* for the value of the trees, or in *trespass quare clausum fregit* for injury to the freehold or the land, or to the possession of it. In the case of merchantable timber, trees having a marketable value, the recovery would ordinarily be the same under either rule; but the contention of the defendant, if sustained, when applied to trees too small to have a market value, would work a great injustice." The rule as thus settled would seem to be a fair and most reasonable one and easy of application. It is sustained in the opinion by cogent reasoning and the citation of well-considered authorities.

We find no error in the rulings to which exceptions were taken.

No error.