J. D. WILLIAMS AND WIFE v. ELM CITY LUMBER COMPANY.

(Filed 15 March, 1911.)

1. Timber Deeds—Wrongful Cutting—Under Size—Prospective Value—Damage to Land.

In an action against the grantee in a timber deed for damages alleged as arising from cutting timber less than the size specified in the deed, the plaintiff cannot recover the prospective value of the trees, but the jury may consider their value in determining the injury to the land, the measure of damages being the decrease in the value of the land by reason of the cutting, or the difference in the value before and after the cutting.

2. Same—Questions—Evidence—Record.

While the court does not commend the questions asked in this case to ascertain the damages to the land by reason of the grantee in a timber deed cutting timber less than the size allowed by the deed, they are considered in connection with the other parts of the record, especially the judge's charge, and no reversible error is found.

3. Timber Deeds—Wrongful Cutting—Under Size—Damages to Land —Measure.

In an action against the grantees in a timber deed for damages to the land by cutting timber of less dimension than specified, and too small to have a market value as merchantable timber: Held, competent for the jury to consider the species of the trees, whether of rapid or slow growth, or whether it would be mer-

WILLIAMS *v.* LUMBER CO.

chantable when it attained its size, the nature and drainage of the soil, the facilities for marketing, and any other relevant facts to enable them to determine its value at the time of the cutting, and the effect of the cutting on the value of the land. *Whitfield v. Mfg. Co.,* 152 N. C., 214, and like cases cited and distinguished, where the trees were "timber trees."

4. **Same—Defense—Probable Growth.**

A timber deed conveyed for value "all the pine timber that is now or may be standing, etc., during the term of this lease (five years), 15 inches in diameter at a point 2 feet above the ground"; and provided that the timber should not be cut over more than one time. In an action for damages begun after the lapse of five years, for damages to the land for cutting timber less than the specified size:' *Held,* the defense was not available that the trees cut would have attained the specified size during the term of five years.

APPEAL by defendant from *Ward, J.,* at October Term, 1910, of CRAVEN.

The facts are stated in the opinion of the Court by *Mr. Justice Allen.*

*Moore & Dunn for plaintiff.*
*Guion & Guion for defendant.*

ALLEN, J. It is admitted that the plaintiff, Laura E. Williams, is the owner of the land described in the complaint, and that on 20 March, 1903, she conveyed to the defendant for value "all the pine timber that is now or may be standing, lying, or growing thereon, during the term of this lease (five years), 15 inches in diameter at a point 2 feet above the ground." It was also provided in said conveyance that the timber should not be cut over more than one time. The plaintiff alleges that the defendant, while exercising its rights under said conveyance, cut timber less in size than that conveyed, and destroyed undergrowth on the land to her damage $5,000. This was denied by defendant in its answer, but at the trial it was admitted that some trees under size were cut.

There are fourteen exceptions in the record, but all of them are dependent on the determination of two questions:

1. There are several exceptions to evidence and to refusal to give instructions, which involve the competency of evidence as to the prospective value of small trees cut on the land and the right to consider such evidence in estimating the damage. One witness testified that he estimated the value of the timber cut under size at $4,000, and that in reaching this conclusion he considered the value of the timber if left there up to this time. Another answered the question, "What would have been its value if it had had its ordinary growth?" "The lumbermen say 6 per cent interest on their investment what they paid; taking that in consideration, I should think the growth would be about making it about 10 per cent for the whole." Another:

"Q. That small timber has a greater value to the owner of the land in its future growth than it has as timber trees? A. Older timber only has a timber value.

"Q. Ten and fifteen inch stuff has a greater value in its growth to the land than it has as to timber value? A. In its growth."

Another:

"Q. As a man owning young timber, you value your young timber more than at stumpage value? A. No, sir.

"Q. It has an intrinsic value in its prospective growth? A. Yes, sir."

We do not commend the form of these questions, but when the answers are read in connection with the other parts of the record, and particularly with the charge of his Honor, we do not think there is error. The evidence was directed to the growth of the trees and their increased value by growth as a fact to be taken into consideration in fixing the value of the trees when cut, and his Honor so limited it in his charge. He said: "The court charges you that the measure of damages is the value of the trees which were unlawfully cut, with the incidental damages therefrom to the undergrowth. Now, you will have to get at that from the facts and circumstances of the case, and find what the trees would be worth, not necessarily confined to board measure, but you can consider the evidence as to the value of the trees as piling, and all evidence that tends to show whether they would grow, or whether they would

not, and, if they would grow, how much will. they grow. The figures and estimates have been given you by the witnesses; you will remember what they were."

The plaintiff was not entitled to recover the prospective value of the trees, but the jury could consider this value in determining the injury to the land.

It would be competent for the jury to consider the species of the trees, whether of rapid or slow growth, whether it would be merchantable when it attained its size, the nature of the soil, whether drained or not, nearness to or remoteness from market, the difficulties of marketing, and any other relevant facts to enable them to determine its value at the time of cutting and the effect of cutting on the value of the land.

We not only do not think the defendant suffered any injustice by the admission of the evidence and the refusal to give the instructions requested, but we are of ·the opinion that the rule for the measure of damage adopted by his Honor was more favorable to the defendant than it was entitled to.

As to ornamental or fruit trees, the authorities are practically unanimous that the measure of damage is the difference in the value of the land before and after cutting; but as to other trees, there is much diversity of opinion. In a note to *R. R. v. Beeler,* 15 Am. and Eng. Ann. Cases, 916, the authorities from Canada, the Supreme Court of the United States, and from the highest courts of all the States are collected, numbering more than two hundred, and from an examination of these it appears that the decided weight of authority is in favor of the rule that the measure of damage is the decrease in the value of the land by reason of the cutting, or the difference in the value of the land before and after cutting, although there·are many cases in favor of the rule that the measure of damage is the value of the trees on the land after they have been severed. We think this conflict of authority probably had its origin in the different forms of action at common law, and to the distinctions between the actions of trover and conversion, trespass *de bonis asportatis* and trespass *quœre clausum fregit.* If one entered upon the land of another and cut trees thereon, the owner of the land and of the trees had his election at com-

mon law to sue in trover and conversion or in trespass *de bonis asportatis* for the value of the trees, or in trespass *quœre clausum fregit* for injury to the freehold, the land, or to the possession of it.

In the case of merchantable timber, trees having a market value, the recovery would ordinarily be the same under either rule; but the contention of the defendant, if sustained, when applied to trees too small to have a market value, would work a great injustice.

Suppose the owner of a tract of land has 50 acres covered with scrub oak or blackjack, and by the side of it 50 acres in young pine, all 4 inches in diameter, and the trees on both pieces of land are cut by a trespasser. The blackjack would be more valuable than the pine at the time of cutting, as neither could be converted into lumber on account of size; but if allowed to stand on the land, at the end of fifteen years the increase in the value of the blackjack would be very little, while the pine would be valuable as timber.

We adopt as the measure of damage, when trees are cut on the land of another, large or small, the rule stated by *Chief Justice Clark* in *Brickell v. Mfg. Co.,* 147 N. C., 119: "The measure of damages was the difference in the value of the land before and after the injury complained of," such difference to be ascertained as of the time of the injury.

The same rule prevails with reference to ponding water, *Parker v. R. R.,* 119 N. C., 677; to laying sewers, *Myers v. Charlotte,* 146 N. C., 246; and is sustained in the following cases: *Davis v. Miller,* 151 Ala., 580; *Chipman v. Hibberd,* 6 Col., 162; *R. R. v. Harrington,* 128 Ga., 438; *Chicago v. Brown,* 157 Ind., 544; *Greenfield v. R. R.,* 83 Ia., 270; *R. R. v. Haynes,* 1 Kan. App., 586; *Thompson v. Moiles,* 46 Mich., 42; *Corner v. Chicago,* 43 Minn., 375; *Shannon v. Hannibal,* 54 Mo. App., 223; *Dent v. R. R.,* 61 S. C., 329, and *Nelson v. Churchill,* 117 Wis., 10. We are not inadvertent to the cases in our Reports in which it is said that the measure of damages is the value of the trees on the land after they have been severed, with incidental damage caused in their removal. *Bennett v. Thompson,* 35 N. C., 147; *Gaskins v. Davis,* 115 N. C., 89; *Davis v. Wall,*

142 N. C., 451, and *Whitfield v. Mfg. Co.,* 152 N. C., 214. In each of these cases the trees cut were spoken of as "timber trees," and no special damage to the land was shown, and as we have seen, in such case the amount of recovery would be practically the same.

2. The other exceptions relate to the construction of the clause in the deed as to the size of the timber the defendant was entitled to cut, the defendant contending that the plaintiff was not entitled to recover damages for trees cut that would attain 15 inches in diameter during the term of five years.

At the time this action was begun, five years had elapsed, and it was provided in the deeds that the defendant could only cut over the land one time. When the shortness of the term, the fact that the defendant was expressly limited to one cutting, and the other parts of the deed are considered, we think his Honor correctly charged the jury that the defendant had no right to cut trees under 15 inches.

We find no error, and the judgment is

Affirmed.