LEON C. BRITT AND WIFE, RUBY BRITT; JAMES G. BRITT AND WIFE, LOUISE
    BRITT; AND FRONIA BRITT FREEMAN AND HUSBAND, ERTLE FREEMAN
    v. GEORGIA-PACIFIC CORPORATION

No. 7916SC604

(Filed 1 April 1980)

1. **Rules of Civil Procedure § 55.1— setting aside default—no good cause shown**

    Defendant failed to show good cause for the setting aside of entry of
    default where defendant's affidavits showed that, although the legal depart-
    ment of defendant received the suit papers in this case on 7 June 1978, they
    were misplaced and not relocated until 12 July 1978, the day entry of default
    was made.

2. **Trespass § 8— wrongful cutting of timber—award of nominal and actual
    damages improper**

    In an action to recover for damages to real property and for the value of
    timber removed, the trial court erred in awarding nominal damages to plain-
    tiffs in addition to actual damages as a result of defendant's trespass, since
    nominal damages are a small sum awarded in recognition of a technical injury
    which has caused no substantial damage, but plaintiffs in this case sustained
    substantial actual damages.

3. **Trespass § 6— evidence of value of timber cut—competency**

    Evidence was sufficient to support the trial court's finding of damages
    based upon the value of plaintiffs' timber cut by defendant where the owners
    of the land from which the timber was cut testified to their opinions concern-
    ing the value of the timber; furthermore, defendant waived any objection as to
    competence of such testimony where it failed to object.

4. **Trespass § 8.2— wrongful cutting of timber—damages—election**

    Plaintiffs who sought to recover both their statutory damages for cut
    timber and damages for diminution in value of their property elected to
    recover their statutory damages when they proceeded upon that theory at
    trial and recovered damages thereunder, albeit the court erroneously awarded
    them "incidental damages." G.S. 1-539.1(a).

APPEAL by defendant from *Brannon, Judge.* Judgment
entered 8 March 1979 in Superior Court, ROBESON County. Heard
in the Court of Appeals 28 January 1980.

Plaintiffs own three acres of land in Robeson County. Defend-
ant owns a much larger tract surrounding plaintiffs' property on
three sides. Defendant is engaged in the timber business and, on
5 December 1977, entered upon plaintiffs' land without consent
and cut and removed certain merchantable timber. Plaintiffs
brought suit against defendant for this trespass, asking recovery
for damages to the real property and also for the value of the
timber removed. Defendant failed to plead within the required
time, and default was entered against it. The trial court denied

defendant's motion to vacate the entry of default, and the case was set for trial as to damages. All parties waived jury trial and after hearing the evidence, the trial court made findings of fact, conclusions of law, and entered judgment awarding plaintiffs nominal damages of $10, incidental damages of $2,000 and $3,000 damages for double the value of timber removed, a total of $5,010. Defendant appeals from the judgment entered.

*Lee and Lee, by W. Osborne Lee, Jr., for plaintiff appellees.*

*I. Murchison Biggs for defendant appellant.*

MARTIN (Harry C.), Judge.

[1] Defendant first contends the trial court erred in failing to set aside the entry of default. "For good cause shown the court may set aside an entry of default, . . .." N.C. Gen. Stat. 1A-1, Rule 55(d). A motion pursuant to this rule to set aside an entry of default is addressed to the sound discretion of the court. *Privette v. Privette*, 30 N.C. App. 41, 226 S.E. 2d 188 (1976). Whether "good cause" is shown by movant, who bears the burden of proof, is in the sound discretion of the trial court and the facts and circumstances of the particular case govern. *Whaley v. Rhodes*, 10 N.C. App. 109, 177 S.E. 2d 735 (1970). The exercise of that discretion will not be disturbed on appeal unless a clear abuse of discretion is shown. *Frye v. Wiles*, 33 N.C. App. 581, 235 S.E. 2d 889 (1977).

Defendant's affidavits show that although the legal department of defendant received the suit papers in this case on 7 June 1978, they were misplaced and not relocated till 12 July 1978, the day entry of default was made. The trial court in its discretion held this did not constitute "good cause." We find no abuse of discretion by the trial court, and this assignment of error is overruled.

[2] Appellant next contends the court erred in awarding nominal damages to plaintiffs in addition to actual damages as a result of defendant's trespass. We agree. Nominal damages are "a small, trivial sum awarded in recognition of a technical injury which has caused no substantial damage." *Wolfe v. Montgomery Ward & Co.*, 211 N.C. 295, 296, 189 S.E. 772, 773 (1937). Nominal damages are recoverable where some legal right has been violated but no actual loss or substantial injury has been sustained. *Hairston v. Greyhound Corp.*, 220 N.C. 642, 18 S.E. 2d 166 (1942). Here, plain-

tiffs have sustained substantial actual damages. They are not entitled to an award of nominal damages.

[3] Defendant contends there was no competent evidence to support the court's finding of damages for the value of timber cut. Defendant argues that none of plaintiffs' witnesses as to value knew anything about the value of standing timber or of the timber cut.

The witness Leon C. Britt testified without objection that he had an opinion as to the value of the timber on plaintiffs' property immediately before it was cut and that this value was $4,000. The trees were pine and had diameters of from ten inches down. He had sold timber off other land at a sawmill.

Ertle Freeman testified the property had seedling pines on it, growing since 1954. In his opinion the timber had a fair value of $4,000 at the time it was cut. He testified the cost to reforest or reseed the property would be $1,500.

James Britt also testified without objection that the value of the timber before cutting was $4,000.

Defendant's evidence indicated the value of any trees cut by defendant was considerably less than plaintiffs' estimates.

By failing to object to plaintiffs' evidence as to the value of the timber, defendant waived any objection as to the competence of this testimony. *State v. Blackwell*, 276 N.C. 714, 174 S.E. 2d 534, *cert. denied*, 400 U.S. 946, 27 L.Ed. 2d 252 (1970); *Lambros v. Zrakas*, 234 N.C. 287, 66 S.E. 2d 895 (1951). We hold there was sufficient evidence to support the court's finding of damages based upon the value of plaintiffs' timber cut by defendant.

[4] Last, defendant contends the court erred in awarding plaintiffs "incidental damages" in addition to damages for timber cut. Where plaintiff sues for the unlawful cutting or removal of timber, there are two alternative measures of damages available. One gives the landowner the difference in the value of his property immediately before and immediately after the cutting. *Jenkins v. Lumber Co.*, 154 N.C. 355, 70 S.E. 633 (1911). The other gives plaintiff the value of the timber itself. This latter value is then doubled by reason of N.C.G.S. 1-539.1(a) which allows plaintiff to recover double the value of timber cut or removed. This statute

not only doubles the value of the timber cut but imposes strict liability as well. *See* Dobbs, *Trespass to Land in North Carolina—Part II. Remedies for Trespass,* 47 N.C.L. Rev. 334 (1969).

Here plaintiffs seek to recover both their statutory damages and damages for the diminution in value of their property. The loss of value for the timber cut is inextricably involved in the damages for diminution in value of the real property. Plaintiffs cannot recover both. We hold that plaintiffs made an election to recover their statutory damages when they proceeded upon that theory at trial and recovered damages thereunder, albeit the court erroneously awarded them "incidental damages."

Our holding today is in effect a continuation of the election of remedies a landowner had at common law to sue in *trespass de bonis asportatis* for the value of the trees (now doubled by reason of the statute) or in *trespass quare clausum fregit* for injury to the freehold.

The result is: the judgment is vacated and the case is remanded to the Superior Court of Robeson County for the entry of judgment in favor of plaintiffs for the sum of $3,000.

Vacated and remanded.

Chief Judge MORRIS and Judge HILL concur.