JERALD D. HARPER AND WIFE, VIRGINIA HARPER v. BILLY MORRIS, T/A
MORRIS LOGGING COMPANY

No. 874SC769

(Filed 1 March 1988)

1. **Trespass § 8.2— unlawful cutting of trees and shrubs—diminished value of land—instructions on factors to be considered**

    In an action to recover damages for the wrongful cutting of trees and shrubs from plaintiffs' land, the trial court did not err in instructing the jury that, in determining the diminished value of plaintiffs' property, it could consider the purpose for which the trees and shrubs were grown and maintained, the contemplated use of the land including aesthetic value to the landowners, and the cost of replacing or restoring the trees and shrubs to the extent that such is reasonable and practicable.

2. **Trespass § 8.2— wrongful cutting of trees and shrubs—evidence of replacement costs**

    In an action to recover damages for the wrongful cutting of trees and shrubs from plaintiffs' land, testimony by plaintiffs' expert witness of the costs of replacing the trees and shrubs was relevant and properly admitted.

APPEAL by defendant from *Stevens, Judge.* Judgment entered 13 February 1987 in Superior Court, DUPLIN County. Heard in the Court of Appeals 6 January 1988.

This is an action in trespass, in which plaintiffs sought damages for defendant's unauthorized cutting of trees and shrubs from plaintiffs' land. Defendant by mistake or inadvertence cut approximately 180 trees and shrubs of various kinds and sizes from two acres of plaintiffs' property.

Plaintiffs testified that they planned to build a retirement home for themselves on this tract and were very disappointed when they discovered the trees and shrubs had been cut. Plaintiffs and their children and grandchildren went to this property often for recreational purposes. They enjoyed swimming in two man-made ponds located on the property. Plaintiffs do not know whether they will build their retirement cottage on this property now that the trees and shrubs are gone.

Defendant introduced the testimony of an expert in real estate appraisal that the market value of the tract was $6,000 before the cutting and $5,100 after. Plaintiff Jerald Harper, on direct examination, stated that he thought his property was di-

minished in value by $10,000. On cross-examination, however, Mr. Harper testified that the property was worth $50,000 before the cutting and that its value was "probably diminished by half" afterward. Over defendant's objection the trial court permitted plaintiffs to introduce the opinion of an expert nurseryman that it would cost approximately $30,000 to replace the trees and shrubs.

The jury returned a verdict in favor of plaintiffs for $10,000. Pursuant to its own motion, the trial court remitted the award to $6,500. Plaintiffs did not object to the remittitur. Defendant appeals.

*Harrison, Heath and Simpson, P.A., by Fred W. Harrison, attorney for plaintiff-appellees.*

*Ward, Ward, Willey & Ward, by Joshua W. Willey, Jr., attorney for defendant-appellant.*

ORR, Judge.

It is well settled law in our state that when trees are unlawfully cut from the land of another, "claimant is entitled to either the difference in fair market value of the land before and after the cutting or the market value of the timber at the time and place of its severance plus incidental damages caused in removal, whichever he elects." *Simpson v. Lee,* 26 N.C. App. 712, 715, 217 S.E. 2d 80, 82 (1975). Here the plaintiffs elected the diminished value measure, calculated by the difference in market value before and after the cutting.

[1] Defendant contends the trial court erred by instructing the jurors that they could consider certain factors in determining the diminished value of plaintiffs' property. These factors are:

the purpose for which these particular trees and shrubs cut, were grown and maintained; the cost of replacement or restoration of the same to the extent that it is reasonable and practicable; that is, not being excessive in relation to the damage to the land itself; and the contemplated use of the particular lands from which the timber and shrubs were cut or removed, including any aesthetic value to the landowners of such trees and shrubs.

According to defendant, this instruction impermissibly expands the elements of damages recoverable in trespass actions.

Harper v. Morris

We disagree. Each element of the instruction has some relevance in determining the diminished value of plaintiffs' property.

The purpose for which these trees and shrubs were grown and maintained and the contemplated use of the land including aesthetic value to the landowners, in our opinion, directly affects the market value of this property. Similarly the cost of producing the trees and shrubs has some bearing on the value of plaintiffs' land, and one factor in determining the diminished value would be the cost of replacing or restoring the trees and shrubs to the same extent as is reasonably practicable. *Diggs v. Railroad*, 131 Mo. App. 457, 110 S.W. 9 (1908). *See generally* Annot. "Measure of Damages for Injury to or Destruction of Shade or Ornamental Tree or Shrub," 95 A.L.R. 3d 508 (1979).

[2] Appellant next contends the trial court erred by admitting evidence of replacement cost.

We believe the testimony of the cost of replacing these trees and shrubs presented by plaintiffs' expert witness was relevant and properly admitted. Its probative value was not outweighed by any possible prejudicial impact on the jury, particularly where as here the trial court cautioned the jury to consider replacement cost only to the extent "that it is reasonable and practicable; that is, not being excessive in relation to the damage to the land itself . . . ." We find no error by the trial court in admitting this testimony.

We have examined defendant's remaining assignments of error and find them to be without merit. The judgment of the trial court is affirmed.

Affirmed.

Judges JOHNSON and PHILLIPS concur.