IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-17

 No. COA20-292

 Filed 16 February 2021

 Scotland County, No. 17-CVS-646

 JOHN WAYNE KING, JR. and LESLIE LYLES KING, Plaintiffs,

 v.

 DUKE ENERGY PROGRESS, LLC and CAROLINA TREE EQUIPMENT, INC. d/b/a
 CAROLINA TREE CARE, Defendants.

 Appeal by Plaintiffs from judgment entered 6 January 2020 by Judge Gale

 Adams in Scotland County Superior Court. Heard in the Court of Appeals 27 January

 2021.

 Nichols & Crampton, P.A., by Adam M. Gottsegen, for the Plaintiffs-Appellants.

 Robinson Elliott & Smith, by William C. Robinson and Dorothy M. Gooding,
 for the Defendants-Appellees.

 JACKSON, Judge.

¶1 John Wayne King, Jr., and Leslie Lyles King (“Plaintiffs”) appeal from the trial

 court’s judgment granting a directed verdict in favor of Duke Energy Progress, LLC

 (“Duke Energy”) and Carolina Tree Equipment, Inc. d/b/a/ Carolina Tree (“Carolina

 Tree”) (collectively, “Defendants”) and awarding Plaintiffs nominal damages. We

 reverse the judgment of the trial court because the cost of replacing the ornamental

 trees was competent evidence of the diminution in value of Plaintiffs’ property, where
 KING V. DUKE ENERGY PROGRESS

 2021-NCCOA-17

 Opinion of the Court

 the property was owned for personal use. Plaintiffs are entitled to a new trial.

 I. Background

¶2 Plaintiffs live in Laurinburg, North Carolina, where they own real property on

 which several large Japanese Maple trees once stood. Plaintiffs purchased the

 property in March of 2013, and planned to raise a family there and one day, retire.

¶3 On 4 August 2016, while engaged by Duke Energy, Carolina Tree removed two

 large Japanese Maple trees from the property and severely damaged a third.

 Carolina Tree also damaged some landscape lighting that day. Before the trees were

 removed, they obscured the view of power lines on and near Plaintiffs’ property.

 These power lines are now visible from Plaintiffs’ sunset deck, which is above their

 master bedroom.

¶4 Plaintiffs initiated the present action on 6 September 2017. In their complaint,

 Plaintiffs alleged causes of action for violation of N.C. Gen. Stat. § 1-539.1, trespass

 to chattel, trespass, and negligence, and requested declaratory relief. Duke Energy

 answered on 12 December 2017 and Carolina Tree answered on 3 January 2018. On

 21 November 2018, counsel for Carolina Tree substituted for Duke Energy’s prior

 counsel, and thereafter represented both of Defendants.

¶5 The matter came on for trial on 13 November 2019 before the Honorable Gail

 M. Adams in Scotland County Superior Court. Judge Adams presided over a two-day

 jury trial. Defendants moved for a directed verdict at the close of Plaintiffs’ evidence.
 KING V. DUKE ENERGY PROGRESS

 2021-NCCOA-17

 Opinion of the Court

 After hearing argument on the motion for directed verdict, the trial court indicated

 that it was inclined to grant the motion, and released the jury. On 6 January 2020,

 the trial court entered a judgment directing a verdict in favor of Defendants and

 awarding Plaintiffs only nominal damages. Plaintiffs entered timely notice of appeal

 from the trial court’s judgment.1

 II. Standard of Review

 Under Rule 50 of the North Carolina Rules of Civil
 Procedure, a party may move for a directed verdict at the
 close of the evidence offered by the opponent and at the
 close of all of the evidence. The motion is only proper in a
 jury trial. It tests the sufficiency of the evidence to go to
 the jury and to support a verdict for the non-moving party.
 Thus, a motion for a directed verdict presents the same
 question for both trial and appellate courts: Whether the
 evidence, taken in the light most favorable to the
 nonmovant, is sufficient for submission to the jury.

 Berke v. Fidelity Brokerage Servs., 841 S.E.2d 592, 595 (N.C. Ct. App. 2020) (internal

 marks and citation omitted).

 III. Analysis

¶6 There are two questions presented by this appeal: first, the correct measure of

 damages in an action for trespass to timber where the trees are ornamental and

 therefore have little or no commercial value after they are cut; and second, whether

 1 Plaintiffs also noticed appeal from the trial court’s order denying their partial motion

 for summary judgment. We do not reach the trial court’s denial of Plaintiffs’ partial motion
 for summary judgment because we reverse the trial court’s judgment in favor of Defendants
 and remand this case for a new trial.
 KING V. DUKE ENERGY PROGRESS

 2021-NCCOA-17

 Opinion of the Court

 evidence of the replacement cost of ornamental trees, by itself, is sufficient to

 demonstrate the diminution in value of real property owned for personal use from

 which said trees are removed. We address each issue in turn.

 A. Damages for Trespass to Timber

¶7 Our Supreme Court has recognized two different, albeit similar measures of

 damages for the tort of trespass to timber. Jenkins v. Montgomery Lumber Co., 154

 N.C. 355, 358, 70 S.E. 633, 634 (1911). In some cases it has been held that the correct

 measure is the “value of the timber as a chattel[,] . . . as soon as it [is] severed from

 the land—at the stump[,]” Bennett v. Thompson, 13 Ired. 146, 148 (1851), whereas in

 others, the Supreme Court has held that the correct measure is “the difference in the

 value of the land before and after cutting,” Jenkins, 154 N.C. at 358, 70 S.E. at 634.

 However, the Supreme Court has observed that, “[a]s to ornamental or fruit trees,

 the authorities are practically unanimous that the measure of damage is the

 difference in the value of the land before and after cutting.” Williams v. Elm City

 Lumber Co., 154 N.C. 306, 309, 70 S.E. 631, 632 (1911). See also Bennett, 13 Ired. at

 149 (noting that the rule valuing the timber at the time of cutting is inapplicable to

 ornamental trees).

¶8 North Carolina General Statute § 1-539.1 provides a statutory cause of action

 for trespass to timber. Under N.C. Gen. Stat. § 1-539.1(a),

 [a]ny person, firm or corporation not being the bona fide
 KING V. DUKE ENERGY PROGRESS

 2021-NCCOA-17

 Opinion of the Court

 owner thereof or agent of the owner who shall without the
 consent and permission of the bona fide owner enter upon
 the land of another and injure, cut or remove any valuable
 wood, timber, shrub or tree therefrom, shall be liable to the
 owner of said land for double the value of such wood,
 timber, shrubs or trees so injured, cut or removed.

 N.C. Gen. Stat. § 1-539.1(a) (2019). The statute thus authorizes awards of enhanced

 damages. See id. It has also been construed to impose strict liability. Britt v.

 Georgia-Pacific Corp., 46 N.C. App. 107, 109-10, 264 S.E.2d 395, 398 (1980).

 However, under the statutory cause of action, only the commercial value of the timber

 at the time of cutting is recoverable. Barnard v. Rowland, 132 N.C. App. 416, 424,

 512 S.E.2d 458, 464 (1999). Thus,

 [t]wo alternative measures of damages are available in a
 suit claiming unlawful cutting of timber:

 [o]ne gives the landowner the difference in the value of his
 property immediately before and immediately after the
 cutting. The other gives [the] plaintiff the value of the
 timber itself. This latter value is then doubled by reason
 of N.C.G.S. 1-539.1(a)[,] which allows [the] plaintiff to
 recover double the value of timber cut or removed.

 Id. Accordingly, as a practical matter, for trees without commercial value after they

 are cut, enhanced damages under N.C. Gen. Stat. § 1-539.1 will be unavailable.

 B. Replacement Costs as Evidence of Diminution in Value

¶9 This Court has held that the replacement cost of trees can be used to establish

 the diminution in value of real property from which they are removed where the

 property is owned for personal use. Huberth v. Holly, 120 N.C. App. 348, 354, 462
 KING V. DUKE ENERGY PROGRESS

 2021-NCCOA-17

 Opinion of the Court

 S.E.2d 239, 243 (1995). In Harper v. Morris, 89 N.C. App. 145, 147, 365 S.E.2d 176,

 178 (1988), the first time our Court considered the question, we rejected the argument

 that the aesthetic value of the trees was inappropriate for the jury to consider when

 determining the extent to which the value of the real estate had been diminished.

 Instead, we held that the diminished value of the real estate could be determined by

 reference to the aesthetic value of the trees, as measured by “the cost of replacing or

 restoring the trees . . . as is reasonably practicable.” Id. Likewise, in Lee v. Bir, 116

 N.C. App. 584, 590-91, 449 S.E.2d 34, 38-39 (1994), we rejected the argument that

 the aesthetic value of the trees and the replacement cost of the trees, including the

 type of replacement trees used, were improper for the jury to consider when

 determining the landowner’s damages. Thus, in an action for trespass to timber

 where the trees have little or no commercial value after they are cut, we hold that

 evidence of the cost of reasonable remedial measures, such as replacement and

 restoration, constitutes competent evidence of the diminution in value of the real

 property, provided it is owned for personal use.

¶ 10 We have previously cited portions of the Second Restatement of Torts in this

 context, see Huberth, 120 N.C. App. at 354, 462 S.E.2d at 243, and note that it is

 consistent with our holding above. Comment b to § 929(1)(a) of the Restatement is

 illustrative:

 [I]f a building such as a homestead is used for a purpose
 KING V. DUKE ENERGY PROGRESS

 2021-NCCOA-17

 Opinion of the Court

 personal to the owner, the damages ordinarily include an
 amount for repairs, even though this might be greater than
 the entire value of the building. So, when a garden has
 been maintained in a city in connection with a dwelling
 house, the owner is entitled to recover the expense of
 putting the garden in its original condition even though the
 market value of the premises has not been decreased by the
 defendant’s invasion.

 Restatement 2d of Torts § 929, cmt. b (1979). Like the gardener in the Restatement,

 landowners injured by a trespass to ornamental trees on their property are entitled

 to recover the “difference in the value of the land before and after cutting.” Williams,

 154 N.C. at 309, 70 S.E. at 632. And they may demonstrate the extent of the

 diminution in value of their property by presenting evidence of “the cost of replacing

 or restoring the trees . . . as is reasonably practicable.” Harper, 89 N.C. App. at 147,

 365 S.E.2d at 178.

 C. The Motion for Directed Verdict

¶ 11 Viewing the evidence in the light most favorable to Plaintiffs, as we must,

 Berke, 841 S.E.2d at 595, we hold that the trial court erred in directing a verdict in

 favor of Defendants because the replacement cost of the trees was competent evidence

 of the diminution in value of the real property from which they were removed, Harper,

 89 N.C. App. at 147, 365 S.E.2d at 178. “[T]o survive a motion for directed verdict

 . . . , the plaintiff’s evidence . . . does not have to be either strong, convincing,

 consistent, or even credible to anyone except the jury[.]” Millikan v. Guilford Mills,
 KING V. DUKE ENERGY PROGRESS

 2021-NCCOA-17

 Opinion of the Court

 Inc., 70 N.C. App. 705, 709-10, 320 S.E.2d 909, 913 (1984). Instead, “[i]f there is more

 than a scintilla of evidence supporting each element of the non-moving party’s claim,

 the motion for a directed verdict should be denied.” Bradley Woodcraft, Inc. v.

 Bodden, 251 N.C. App. 27, 31, 795 S.E.2d 253, 257 (2016) (citation omitted).

 Defendants admitted to cutting down the trees illegally and the only fact question for

 the jury to consider was damages. Accordingly, the evidence of Plaintiffs’ damages

 in the form of the replacement cost of the trees was sufficient “to go to the jury and

 to support a verdict[.]” Berke, 841 S.E.2d at 595.

 IV. Conclusion

¶ 12 We reverse the judgment of the trial court granting Defendants’ motion for

 directed verdict because the cost of remediating the damage to the ornamental trees

 at Plaintiffs’ home was competent evidence of the diminution in value of the real

 property where the trees once grew. Accordingly, we remand this case for a new trial.

 REVERSED AND REMANDED.

 Judges ARROWOOD and CARPENTER concur.