FRANCES S. CAVIN v. DAVID W. OSTWALT

No. 8422SC1210

(Filed 6 August 1985)

**Dedication § 4— dedication of subdivision street—acceptance unclear—purported withdrawal invalid—summary judgment improper**

   Plaintiff was not entitled to summary judgment as a matter of law enjoining defendant from using a street through plaintiff's subdivision to defendant's property where a plat with an offer to dedicate the street to public use had been recorded and approved by the County Commissioners; the county had erected a street sign; the state had not accepted the street for maintenance and had no plans to do so; the ten individuals who had purchased lots north of a cul-de-sac on the street recorded with the Register of Deeds a certificate purporting to rescind the dedication of the street south of the cul-de-sac; plaintiff, the owner of the lots south of the cul-de-sac, had not signed the certificate; and the County Commissioners rejected a motion to close the portion of the street south of the cul-de-sac. There was no evidence of a valid withdrawal of dedication and it was unclear whether the street dedication had ever been accepted or rejected by an appropriate authority. G.S. 153A-239, G.S. 1A-1, Rule 56(c), G.S. 153A-333.

APPEAL by defendant from *Collier, Judge*. Judgment entered 1 August 1984, in Superior Court, IREDELL County. Heard in the Court of Appeals 16 May 1985.

   *T. Michael Lassiter for plaintiff appellee.*

   *Gary W. Thomas and Jack R. Harris for defendant appellant.*

COZORT, Judge.

   Plaintiff brought an action against her neighbor to enjoin his use of a road which ran across plaintiff's property to defendant's property. Defendant's answer contended the road was a public street, and, in the alternative, petitioned for a cartway pro-

ceeding. After receiving affidavits and minutes of various proceedings before the County Commissioners, the trial court found the property not to be a public street and granted summary judgment for the plaintiff, enjoining defendant's use of the road. We reverse and remand. The facts and proceedings necessary to an understanding of our ruling follow.

Plaintiff owned a tract of land adjacent to State Road 1322 in Iredell County. On 8 December 1977, she filed with the Register of Deeds a map showing a proposed subdivision to be known as Cedar Wood, consisting of 20 lots and a street called Old Spring Way. The plat had been "approved" by the County Commissioners on 6 December 1977. The map included an offer to "hereby dedicate to public use as street forever all areas so shown or indicated." The proposed street ran the entire length of the subdivision from S.R. 1322, in a southerly direction past a short cul-de-sac, and between lots nine and ten to the boundary line at the south end of the subdivision. Plaintiff conveyed all of the lots north of the cul-de-sac to ten individuals; she retained the four lots, numbered eight, nine, ten and eleven, south of the cul-de-sac and at the end of the subdivision farthest from S.R. 1322. On 27 July 1978, the defendant purchased a 13-acre tract of land which adjoined the land retained by plaintiff at the south end of the subdivision. During 1977 and 1978, the proposed road through Cedar Wood was constructed, with the part from S.R. 1322 to the cul-de-sac being paved. According to the defendant, he participated, at plaintiff's request, in the construction of the road. He placed gravel on the portion of the road going south from the cul-de-sac between plaintiff's lots numbered nine and ten to the defendant's property line. The defendant used the road for access to his property. Plaintiff began to object to the defendant's use of the road. She demanded that he discontinue using it; the defendant refused her demand.

On 24 May 1983, the ten individuals who had purchased the lots north of the cul-de-sac recorded with the Register of Deeds a "Certificate of Withdrawal and Rescission of Street," purporting to withdraw and rescind the dedication of the part of Old Spring Way south of the cul-de-sac by plaintiff's lots to the defendant's property. The plaintiff's signature did not appear on the certificate. On 3 June 1983 plaintiff filed this action. The defendant's answer and counterclaim was filed 5 August 1983, and the plain-

tiff's reply 19 August 1983. On 5 June 1984, the County Commissioners rejected by a 3-2 vote a motion to "close the portion of public street . . . being that portion of the street referred to as Old Spring Way, South of the cul-de-sac . . . to the boundary line of the subdivision." The record does not reflect precisely how this matter came before the Commissioners; however, it does show that both counsel for plaintiff and counsel for the defendant addressed the Board concerning the motion. On 20 June 1984, the plaintiff moved for summary judgment, and later filed an affidavit from a State Highway Engineer which said that the State had not accepted Old Spring Way for maintenance and had no plans to do so. On 25 July 1984 defendant filed an affidavit stating, among other things, that the County has placed a sign for "Cedarwood Road" at the beginning of the road in question. The trial court granted plaintiff's motion for summary judgment, finding that "the property in question is not a public street," and enjoined the defendant from using the road. Defendant appealed.

Under Rule 56(c) of the North Carolina Rules of Civil Procedure, summary judgment shall be granted "if the pleadings, depositions . . . and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." The party moving for summary judgment has the burden of clearly establishing the lack of any triable issue of fact by the record properly before the court. *Communities, Inc. v. Powers, Inc.*, 49 N.C. App. 656, 272 S.E. 2d 399 (1980).

In North Carolina, a public road is "any road, street, highway, thoroughfare, or other way of passage that has been irrevocably dedicated to the public or in which the public has acquired rights by prescription, without regard to whether it is open for travel." G.S. 153A-239. In this case, the ultimate question is whether Old Spring Way has been irrevocably dedicated as a public road.

To establish the dedication of a road for public use, a party must show by competent evidence that the dedication was offered to the general public and accepted by the appropriate authority. *Ramsey v. N. C. Dept. of Transportation*, 67 N.C. App. 716, 313 S.E. 2d 909, *disc. rev. denied*, 311 N.C. 306, 317 S.E. 2d 681 (1984). Here plaintiff recorded Cedar Wood subdivision in 1977, offering

to dedicate as a public street Old Spring Way. The plat was approved by the Board of Commissioners, and plaintiff sold 16 of the 20 lots. While the sale of lots in a subdivision with reference to a map showing the street constitutes a dedication of the street to the purchasers of the lots, as to the public it is but a revocable offer of dedication which is not complete unless and until the offer of dedication is accepted in some recognized legal manner by the proper public authorities. *Owens v. Elliott*, 258 N.C. 314, 128 S.E. 2d 583 (1962). The offer to the public may be revoked at any time prior to acceptance. *Wofford v. Highway Commission*, 263 N.C. 677, 140 S.E. 2d 376, *cert. denied*, 382 U.S. 822, 86 S.Ct. 50, 15 L.Ed. 2d 67 (1965).

In order to affirm the trial court's granting of summary judgment for the plaintiff, we must find that the undisputed facts prove that the dedication was withdrawn before legal acceptance by the county or that there has never been a legal acceptance by the county.

Defendant contends that the approval of the Cavin plat by the Iredell County Commissioners was an act of acceptance. This argument is wholly without merit. G.S. 153A-333 plainly states that

> [t]he approval of a plat does not constitute or effect the acceptance by the county or the public of the dedication of any street . . . shown on the plat and shall not be construed to do so.

Iredell County has an identical ordinance. Therefore, on the record before us, there is no evidence that the county accepted the dedication of Old Spring Way prior to 24 May 1983, when the "Certificate of Withdrawal and Rescission of Street" was recorded by the ten landowners north of the cul-de-sac. Thus, we must now consider whether the filing of that certificate was indisputably a revocation of the dedication. The ten landowners north of the cul-de-sac have attempted to rescind the dedication of the part of the road south of the cul-de-sac, over land still owned by plaintiff. We hold that a revocation of a dedication of a public street must be made by the owner or owners of the property affected. In this case, there is no evidence that plaintiff, the original "dedicator" of Old Spring Way and still owner of the land affected by the part sought to be closed, ever recorded any withdrawal of

dedication. Therefore, the purported withdrawal of dedication of 24 May 1983 is of no legal effect. We also hold that the County Commissioners' vote of 5 June 1984 rejecting a motion to close the road did not constitute acceptance of the dedication. Thus, on the record before us, there is no evidence of a valid withdrawal of dedication, and it is unclear whether the street dedication has ever been accepted or rejected by an appropriate authority. In any event, on the facts shown plaintiff was not entitled to summary judgment as a matter of law enjoining defendant from using the road in question.

Reversed.

Judges WELLS and JOHNSON concur.