HARRY HUBERTH, SANDY HUBERTH, AND ANNE M. HUBERTH v. JERRY L. HOLLY AND SALLY DOHNER

No. COA94-1162

(Filed 3 October 1995)

1. **Easements § 59 (NCI4th)— finding that no easement existed proper**

The trial court properly determined that no easement existed over the portion of plaintiff's property on which the "Old Yadkin Road" lay, since plaintiff's offer to sign an easement was conditioned on defendant's not removing any trees within the right of way, a condition which was not accepted; even if the language in plaintiff's 1964 deed was an offer of dedication of the "Old Yadkin Road," there was no evidence that any public authority of Moore County accepted the dedication; plaintiffs were not parties in a declaratory judgment action establishing defendant's easement in the "Old Yadkin Road" across a neighboring landowner's property and so were not bound by that judgment; and there was no evidence that plaintiffs led defendants to believe that plaintiffs had granted them an easement.

**Am Jur 2d, Easements and Licenses § 17.**

2. **Environmental Protection, Regulation, and Conservation § 124 (NCI4th)— violation of Sedimentation Pollution Control Act—nominal damages proper**

The trial court properly awarded only nominal damages for violations of the Sedimentation Pollution Control Act where there

HUBERTH v. HOLLY

[120 N.C. App. 348 (1995)]

was no evidence that the violations of the Act caused the loss of plaintiff's trees and groundcover plants.

**Am Jur 2d, Pollution Control § 552.**

3. **Damages § 35 (NCI4th)— negligent damage to realty — destruction of trees and groundcover—measure of damages**

The trial court erred by assessing damages on the basis of replacement cost of trees and groundcover in plaintiffs' action for negligent damage to real property where the injury to plaintiffs' property was "completed," there was no evidence that the property was used for a purpose that was personal to plaintiffs, and the proper measure of damages was the difference in market value before and after the negligent injury.

**Am Jur 2d, Damages §§ 401, 402.**

**Measure of damages for wrongful removal of earth, sand, or gravel from land. 1 ALR3d 801.**

**Measure of damages for injury to or destruction of shade or ornamental tree or shrub. 95 ALR3d 508.**

4. **Damages § 66 (NCI4th)— property damage claim—award of punitive damages proper**

Though plaintiffs were not entitled to punitive damages under the Sedimentation Pollution Control Act, they were entitled to punitive damages on their property damage claim where there was ample evidence that defendants knew that plaintiffs did not want them to install an access road over the disputed area and defendants pushed over plaintiffs' "No Trespassing" sign, thereby acting wilfully, wantonly, and in disregard of plaintiffs' rights.

**Am Jur 2d, Damages § 764.**

Appeal by defendants from judgment entered 9 June 1994 in Moore County Superior Court by Judge Howard R. Greeson, Jr. Heard in the Court of Appeals 22 August 1995.

*Cunningham, Dedmond, Petersen & Smith, by Marsh Smith, for plaintiff-appellees.*

*Brown & Robbins, L.L.P., by P. Wayne Robbins and Carol M. White, for defendant-appellants.*

GREENE, Judge.

Jerry L. Holly and Sally Dohner (defendants) appeal from a judgment of the trial court, entered by the court without a jury, awarding compensatory and punitive damages to Harry Huberth, Sandy Huberth and Anne M. Huberth (plaintiffs) and awarding costs of litigation, including attorney fees, to plaintiffs.

On 17 September 1990, plaintiffs sued defendants for damages as a result of defendants' violation of N.C. Gen. Stat. § 113A-52(6), the Sedimentation Pollution Control Act (the Act), and for property damage resulting from the negligent removal of several trees from plaintiffs' property as the result of defendants' road construction on plaintiffs' property. Defendants "raised the existence of [an] easement as an affirmative defense to" plaintiffs' property damage claim.

The undisputed facts are that in 1964, Anne Huberth purchased approximately seventy-two acres of property (Huberth tract) in Moore County from the Moore County Company, Incorporated, subject to an "easement of right-of-way of Yadkin Road lying within the boundaries of afore-described premises." Subsequently she transferred ten acres to her son and daughter-in-law, Harry and Sandy Huberth, on which they built their home. Along the southwest boundary of the Huberth tract, lies the "Old Yadkin Road," which served as a public right-of-way until 1919. The "Old Yadkin Road" is no longer in use by any vehicular traffic.

On 2 May 1990, Anne Huberth agreed to sign an "Agreement and Easement" which would grant Haskell A. Duncan (Duncan), an adjoining landowner, an easement over a portion of her property. Anne Huberth's agreement to sign the "Agreement and Easement" was subject, however, to the condition that the easement should not be greater than sixteen feet wide and that Duncan should not remove any trees within the "right-of-way." Other adjacent land owners signed this "Agreement and Easement," which was dated 26 February 1990 and recorded in the Moore County Register of Deeds Office. Although this instrument restricted the width of the "right-of-way" to sixteen feet, it did not contain any language which would prohibit the removal of trees. Furthermore, Anne Huberth did not sign this instrument.

In an earlier Declaratory Judgment action, the Moore County Superior Court determined that an easement, in favor of Duncan,

existed over a portion of another landowner's (Oakwin, Inc.) property, which is adjacent to the Huberth tract and is within the boundaries of the "Old Yadkin Road."

On 23 March 1990, and by deed recorded 4 September 1990, Duncan conveyed his interest in the land (Holly tract) adjoining the Huberth tract to defendant, Jerry Holly. Defendants then agreed to work together to develop the Holly tract into ten separate lots, and it is undisputed that they were partners in the development of the Holly tract. In their effort to develop the Holly tract, defendants began clearing the "Old Yadkin Road" to create an access road to the property. It is also not disputed that defendant Holly destroyed a "No Trespassing" sign, which plaintiffs had erected on the Huberth tract in the course of working on the access road. In their effort to create the access road, defendants also removed ten large loblolly pine trees, a large number of smaller trees and a larger number of groundcover plants. Prior to beginning their work on the access road, defendants did not seek or receive an erosion control plan from the State, as required by the Act, and failed to install erosion control devices.

The trial court made, among other findings, the undisputed finding of fact that "[d]efendants knew that [p]laintiffs did not want them to install an access road across the Huberth Tract." The trial court then concluded that no easement existed over the Huberth tract. The trial court then, based on replacement cost (the only evidence offered by the plaintiffs), awarded plaintiffs $14,590 in compensation for the damage to the trees and groundcover.

The plaintiffs' attorney submitted an affidavit, in support of his request for attorney fees, showing that he spent 190 hours on plaintiffs' case. The affidavit, however, did not distinguish between time spent on the portion of plaintiffs' claim under the Act and the portion of plaintiffs' claim for negligent property damage. In addition to the compensatory award the trial court ordered that defendants pay jointly and severally $5,000 in punitive damages, and pursuant to the Act, $24,524.16 for the cost of the litigation, including an attorney fee of $19,000. The trial court further awarded nominal damages as a result of defendants' admitted violation of the Act.

Defendants appealed to this Court and, in response to defendants' appeal, plaintiffs submitted a forty-five page brief, in violation of

Appellate Rule 28(j). N.C. R. App. P. 28(j) (imposing a thirty-five page limit on all briefs filed in this Court).

---

The issues are (I) whether an easement existed over the portion of Anne Huberth's property known as the "Old Yadkin Road" in favor of defendants or in favor of the public; (II) if an easement did not exist, whether the trial court applied the correct measure of damages; (III) whether the trial court erred in awarding $19,000 in attorney fees; and (IV) whether the trial court erred in its award of punitive damages.

I

[1] Defendants argue that they are not responsible for any damage to the plaintiffs' property because they have an easement across the property in question. The easement, defendants contend, arises by virtue of any of the following: (a) Anne Huberth's agreement with Duncan to sign an "Agreement and Easement," (b) the deed by which Anne Huberth took her property contained language of dedication, (c) collateral estoppel, in that Anne Huberth is bound by an earlier Declaratory Judgment action against Oakwin, Inc., or (d) estoppel, because Anne Huberth failed to act before defendants expended money and effort on developing the "Old Yadkin Road."

The evidence does not support an easement on either of the bases asserted by the defendants. The offer, in the letter, to sign an easement was conditioned on Duncan not removing any trees within the right-of-way. This condition was not accepted and thus no agreement was entered. *Normile v. Miller and Segal v. Miller,* 313 N.C. 98, 103, 326 S.E.2d 11, 15 (1985) (a valid contract cannot exist until both parties' minds meet as to all terms). Assuming that the language in Anne Huberth's 1964 deed was an offer of dedication of the "Old Yadkin Road," *Cavin v. Ostwalt,* 76 N.C. App. 309, 311, 332 S.E.2d 509, 511 (1985), there is no evidence that any public authority of Moore County accepted the dedication. *Id.* at 312, 332 S.E.2d at 511 (offer of dedication must be accepted "in some recognized legal manner by the proper public authorities"). The plaintiffs were not parties in the declaratory judgment action nor is there any evidence that they were in privity with the parties to that action. Thus that judgment is not binding on the plaintiffs. *State v. Lewis,* 311 N.C. 727, 731, 319 S.E.2d 145, 148 (1984) (collateral estoppel requires that parties to prior action are identical or in privity with the parties in the present case). Finally, there is no evidence in this record that plaintiffs led the defendants to believe that plaintiffs had granted them an easement. In fact, Anne Huberth placed a "No Trespassing" sign on the property, prior to the date the defendants began their land clearing, and the

defendants destroyed and ignored the sign. Thus, the plaintiffs are not estopped to assert this claim. *Carroll v. Daniels and Daniels Constr. Co.*, 327 N.C. 616, 621, 398 S.E.2d 325, 328 (1990) (easement by estoppel created only where "the party to be estopped . . . misled the party asserting the estoppel either by some words or action or by silence").

Accordingly, the trial court correctly determined that no easement existed over the portion of Anne Huberth's property on which the "Old Yadkin Road" lies.

II

**[2]** In the alternative, the defendants argue that the trial court incorrectly determined damages in that it based its award on the replacement cost of the trees and the groundcover plants. We agree.

We first note that the plaintiffs were not entitled to recover any damages for the loss of trees and groundcover as a result of the violations of the Act. The Act authorizes "[a]ny person injured by [its] violation . . . [to] bring a civil action [seeking damages] against the person alleged to be in violation." N.C.G.S. § 113A-66(a) (1994). To be recoverable, the damages sought by the plaintiffs must be "caused by the violation." *Id.* In this case, there is no evidence that the violations of the Act caused the loss of the trees and/or the groundcover and indeed the trial court awarded only nominal damages for these violations.

**[3]** With regard to the plaintiffs' claim for negligent damage to real property, the general rule is that where the injury is completed (as opposed to a continuing wrong) the measure of damages "is the difference between the market value of the property before and after the injury." *Huff v. Thornton*, 23 N.C. App. 388, 393-94, 209 S.E.2d 401, 405 (1974) (improper to instruct that replacement cost is measure of damages), *aff'd*, 287 N.C. 1, 213 S.E.2d 198 (1975). Nonetheless, replacement and repair costs are relevant on the question of diminution in value and when there is evidence of both diminution in value and replacement cost, the trial court must instruct the jury to consider the replacement cost in assessing the diminution in value. *Id.* at 395, 209 S.E.2d at 405; *Lee v. Bir*, 116 N.C. App. 584, 590-91, 449 S.E.2d 34, 38-39 (1994) (in trespass case, where plaintiff presented evidence of both replacement cost and diminution in value, the replacement cost was relevant to determine reasonable market value of property), *cert. denied*, 340 N.C. 113, 454 S.E.2d 652 (1995); Dan B. Dobbs, *Dobbs Law of Remedies* § 5.2(2) (2d ed. 1993) (allowing evidence of

both measures of damages prevents "windfalls and economic waste"). When, however, the land is used for a purpose that is personal to the owner, the replacement cost is an acceptable measure of damages. *Plow v. Bug Man Exterminators, Inc.*, 57 N.C. App. 159, 162-63, 290 S.E.2d 787, 789 (termite damage to personal residence), *disc. rev. denied*, 306 N.C. 558, 294 S.E.2d 224 (1982); *Dobbs* at § 5.2(2), 718; Restatement (Second) of Torts § 929 cmt. b (1979); *see also Trinity Church v. John Hancock Mut. Life Ins. Co.*, 502 N.E.2d 532, 535-36 (Mass. 1987) (personal purpose doctrine applied to prevent "miscarriage of justice").

In this case, the record reveals that the injury to the plaintiffs' property was "completed" and there is no evidence that the property was used for a purpose that was personal to the plaintiffs. Thus, the proper measure of damages was the difference in the fair market value of the property before and after the negligent injury and the trial court erred in assessing damages on the basis of the replacement cost of the trees and groundcover. Furthermore, because the plaintiffs presented no evidence of diminution in value it is unnecessary to remand to the trial court for the setting of a new damage award.

### III

Defendants next argue that the award of attorney fees pursuant to the Act was improper, because plaintiffs' attorney did not distinguish between fees earned pursuing plaintiffs' claims under the Act and those earned pursuing the common law claim.

The defendants correctly state the law that attorney fees are recoverable pursuant to the Act as a cost of litigation, N.C.G.S. § 113A-73(c) (1994), and are not recoverable under plaintiffs' common law negligent injury to property claim. *Bowman v. Comfort Chair Co., Inc.*, 271 N.C. 702, 704, 157 S.E.2d 378, 379 (1967) (attorney fees only allowed as costs pursuant to express statutory authority). We need not, however, reach the issue raised by the defendants because they failed to raise this issue before the trial court. N.C. R. App. P. 10(b)(1) ("[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion").

### IV

[4] The defendants finally argue that the punitive damage award must be reversed because it cannot be supported by either the property damage claim or the Act.

The Act only provides for the recovery of "damages caused by the violation," N.C.G.S. § 113A-66(a)(3), and because punitive damages are designed to punish a party and are not awarded as compensation, they are not recoverable under the Act. *See Allred v. Graves*, 261 N.C. 31, 35, 134 S.E.2d 186, 190 (1964). Furthermore, had the legislature intended to permit punitive damages it could have specifically provided and it did not do so in this statute. *Compare* N.C.G.S. § 20-308.1(b) (1993) (specifically providing for the recovery of punitive damages for violation of statute).

With regard to the property damage claim, the defendants argue "[t]he act of pushing a sign over which is in the right-of-way or easement one believes he is authorized to use does not amount to an act sufficient to justify the award of $5,000 in punitive damages." We disagree. Punitive damages are in the discretion of the fact finder and may be awarded "where the wrong is done wilfully or under circumstances of rudeness, oppression or in a manner which evinces a reckless and wanton disregard of the litigant's rights." *Van Leuven v. Akers Motor Lines, Inc.*, 261 N.C. 539, 546, 135 S.E.2d 640, 645 (1964); *Hinson v. Dawson*, 244 N.C. 23, 26, 92 S.E.2d 393, 396 (1956). The trial court found as fact that the defendants "acted wilfully, wantonly and in disregard of plaintiffs' rights" and there is ample competent evidence in this record to support that finding. Not only did the defendants push over the "No Trespassing" sign but they did so after Anne Huberth refused to execute an easement and with knowledge that the plaintiffs did not want them to install an access road over the disputed area. Furthermore, the trial court did not err in ordering that the award be entered against the defendants "jointly and severally." The defendants argue that Sally Dohner "would only be liable for Mr. Holly's acts, as his partner, if the act[s] occurred in the course of the partnership employment." There is no dispute that the defendants were partners in the development of the Holly tract and that the building of the access road was in furtherance of that development.[1]

---

1. We do not address, because it is not raised, the issue of whether plaintiffs are entitled to punitive damages even though we have held that they are not entitled to any compensatory damage award. *See Title Ins. Co. of Minnesota v. Smith, Debnam, Hibbert and Pahl*, 119 N.C. App. 608, 611, 459 S.E.2d 801, 804 (1995) (nominal damage award proper even though no showing of actual damage); *but see id.* (Greene, J. dissenting) (nominal damage award not proper unless showing of actual loss); *Hawkins v. Hawkins*, 331 N.C. 743, 417 S.E.2d 447 (1992) (award of nominal damages supports award of punitive damages).

In summary, we affirm the trial court's determination that no easement exists, affirm the award of nominal damages under the Act, affirm the award of punitive damages under the property damage claim and affirm the award of attorney fees and costs. We reverse the award of compensatory damages under the property damage claim. Because of the violation of Rule 28(j), in our discretion and pursuant to Rule 35 of the Appellate Rules, the cost of printing plaintiffs' brief is assessed personally to Marsh Smith, attorney for the plaintiffs. *See State v. Patton,* 119 N.C. App. 229, 230, 458 S.E.2d 230, 232 (1995); *North Buncombe Assn. of Concerned Citizens v. Rhodes,* 100 N.C. App. 24, 33, 394 S.E.2d 462, 467-68, *disc. rev. denied,* 327 N.C. 484, 397 S.E.2d 215 (1990); N.C. R. App. P. 35(a) (cost of appeal to be assessed in the discretion of the appellate court). All other costs are to be divided between the parties, equally. N.C. R. App. P. 35(a).

Affirmed in part, reversed in part.

Judges WYNN and MARTIN, John C., concur.