INMAN, Judge.
This case involves a civil action for flooding on real property which was subject to rainfall events, a designated wetlands area, water flow patterns through open channels and corrugated metal pipes, sedimentation deposits, and runoff from various sources, and which had been previously flooded before construction activity on an adjacent property began. Given these complex circumstances, we hold that the property owner suing the owner of the adjacent property could not raise a genuine issue of material fact regarding proximate causation of the flooding without expert testimony.
Bassam "Sam" Abdin ("Sam"), doing business as The Car Company of Boone ("Car Company"), and Ramsey William Abdin (collectively "Plaintiffs") appeal from two orders entered 16 and 21 September 2015 granting CCC-Boone, LLC's and Blythe Development Co.'s (collectively "Defendants") Motions for Summary Judgment on Plaintiffs' claims asserting violations of the Sedimentation Pollution Control Act of 1973, trespass to real property, private nuisance, and in the alternative, negligence. At the summary judgment hearing, Defendants argued that Plaintiffs' claims failed as a matter of law because Plaintiffs did not demonstrate, by way of an expert witness, that Defendants' construction activities proximately caused flooding of Plaintiffs' property. On appeal, Plaintiffs assert that as a matter of law, layperson testimony is sufficient on these facts to establish proximate cause and as such a genuine issue of material fact exists. After careful review, we affirm the trial court's orders.
Factual & Procedural History
I. The Properties
Plaintiffs, father and son, own adjacent tracts of land (the "Properties") located at 2491 North Carolina Highway 105 South in Boone, North Carolina. Highway 105 runs along the north side of the Properties and a steeply sloping mountain abuts the south side. A small tributary, Hodges Creek, flows through the Properties by means of an open channel and a series of corrugated metal pipes. Plaintiffs use the Properties for their residential homes and for the operation of a used motor vehicle and watercraft dealership.
In addition to Hodges Creek, several other sources of water flow on or enter onto the Properties. These include a designated wetlands area, storm-water runoff from a neighboring shopping center, and a North Carolina Department of Transportation ("NC DOT") storm-water box adjacent to the Properties that directs storm-water from Highway 105 onto the Properties.
In 2004, Sam Abdin filed a petition with the Board of Adjustment to allow him to expand the size of the pipe under his property, because of increased flooding on his property resulting from the construction of the shopping center adjacent to his property. Sam hired an expert to provide plans for the expansion to the Board of Adjustment for approval. The Board approved the proposed expansion subject to Sam obtaining a hydrologic and hydraulic study. However, Sam withdrew his application later that year.
In May 2012, CCC-Boone acquired several tracts of land, including parts of the steeply sloping mountain abutting the Properties. By fall 2012, CCC-Boone began developing this newly acquired property into a student housing complex named The Cottages of Boone (the "Cottages"). Blythe Development, the general contractor for construction of the Cottages, oversaw various land-disturbing activities involved with the construction including: grading, excavating, filling, and the removal of natural ground cover.
Construction of the Cottages required permitting and planning under the supervision of the Watauga County Department of Planning and Inspections (the "County Planning Department") and the Town of Boone Planning and Inspections Department (the "Town Planning Department"). The County Planning Department issued a Sedimentation Inspection Report and the Town Planning Department performed a Soil Erosion and Sedimentation Control Inspection in February 2013. The County Planning Department's report indicated that the Cottages project did not comply with the Sedimentation Pollution Control Act of 1973 (the "Sedimentation Act"), while the Town Planning Department issued a report indicating that the Cottages project did not comply with the Town of Boone Unified Development Ordinance. A second County Planning Department report was issued in March 2013 and again indicated the Cottages project's noncompliance with the Sedimentation Act.
II. Flooding and Litigation
At the heart of this case are five flooding events that occurred on the Properties between 30 January 2013 and 7 July 2013, resulting in various amounts of property damage. The flooding events coincided with historic rainfalls for the area and widespread flooding in Watauga County.
In July 2014, Plaintiffs commenced this action by filing a Verified Complaint against CCC-Boone, asserting claims for violation of the Sedimentation Act, trespass to real property, private nuisance, punitive damages, unfair and deceptive trade practices, and in the alternative, negligence, relating to the five flooding events. Later that month, Plaintiffs filed a First Amended Verified Complaint asserting the same claims against both CCC-Boone and Blythe. Defendants filed Motions to Dismiss Plaintiffs' claims for punitive damages and unfair and deceptive trade practices. Plaintiffs voluntarily dismissed their claims for unfair and deceptive trade practices, and on 17 November 2014 the trial court granted Defendants' Motions to Dismiss Plaintiffs' punitive damages claim.
In August 2015, Defendants filed separate Motions for Summary Judgment on Plaintiffs' remaining claims for violations of the Sedimentation Act, trespass to real property, private nuisance, and in the alternative, negligence. The motions were heard before the trial court. In support of their motions, Defendants introduced affidavits by two retained expert witnesses-a civil engineer and an environmental management consultant-who opined that Defendants' construction activities did not cause the flooding events. Plaintiffs did not present any expert testimony in opposition to the motions. Instead, they submitted their own affidavits opining that based on their personal observations of the flooding, their conversations with a construction superintendent who worked on the Cottages project, and documents obtained from Defendants in discovery, they had determined that Defendants' construction activities caused the flooding. The motions were heard later in August 2015, and on 16 and 21 September 2015, the trial court entered orders granting Defendants' Motions for Summary Judgment. Plaintiffs timely appealed.[1]
Analysis
Plaintiffs argue that the trial court erred in granting Defendants' Motions for Summary Judgment because the trial court erroneously concluded that Plaintiffs' lay opinion was insufficient to established proximate cause. We disagree.
I. Standard of Review
"This Court reviews orders granting summary judgment de novo ." Foster v. Crandell , 181 N.C. App. 152, 164, 638 S.E.2d 526, 535 (2007) (citation omitted). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " Bumpers v. Community Bank of Northern Virginia , 367 N.C. 81, 87, 747 S.E.2d 220, 226 (2013) (quoting Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC , 365 N.C. 520, 523, 723 S.E.2d 744, 747 (2012) ). "[A]n issue is genuine if it is supported by substantial evidence," and is material "if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action[.]" DeWitt v. Eveready Battery Co., Inc. , 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and means more than a scintilla or a permissible inference[.]" Id. (internal quotation marks and citations omitted).
II. Motions for Summary Judgment
The sole issue on appeal is whether the trial court erred in concluding that Plaintiffs could not raise a disputed issue of material fact without presenting expert testimony on the issue of proximate cause. Plaintiffs assert that they presented sufficient lay testimony and other evidence to defeat Motions for Summary Judgment without the presentation of expert testimony. We disagree.
Proximate cause is an essential element of each claim asserted by Plaintiffs against both Defendants. See , N.C. Gen. Stat. § 113A-66 (2015) ("Any person injured by a violation of [the Sedimentation Act] ... may bring a civil action against the person alleged to be in violation ... [and] may seek ... [d]amages caused by the violation."). This Court has held that damages sought for a violation of the Sedimentation Act "must be 'caused by the violation.' " Huberth v. Holly , 120 N.C. App. 348, 353, 462 S.E.2d 239, 243 (1995) (quoting N.C. Gen. Stat. § 113A-66(a) (1994) ).
"There are many instances in in [sic] which the facts in evidence are such that any layman of average intelligence and experience would know what caused the injuries complained of." Gillikin v. Burbage , 263 N.C. 317, 325, 139 S.E.2d 753, 760 (1965) (citations omitted). "Where, however, the subject matter ... is so far removed from the usual and ordinary experience of the average man that expert knowledge is essential to the formation of an intelligent opinion, only an expert can competently give opinion evidence...." Id. (quotation marks and citations omitted).
This Court has held in certain circumstances that "lay testimony would not be sufficient to explain changes in the watershed or in the downstream water flow[,]" and "that '[c]ausation of flooding is a complex issue which must be addressed by experts.' " Davis v. City of Mebane , 132 N.C. App. 500, 504-05, 512 S.E.2d 450, 453 (1999) (second alteration in original) (quoting Hendricks v. United States , 14 Cl. Ct. 143, 149 (1987) (citing Herriman v. United States , 8 Cl. Ct. 411, 420 (1985) )). In Davis , the plaintiffs owned homes and businesses downstream from a dam and reservoir which they blamed for repeated flooding of the plaintiffs' properties. Id. at 501, 512 S.E.2d at 451. After the trial court entered an order striking the plaintiffs' expert witnesses, which this Court affirmed, the plaintiffs were limited to lay testimony that negligent design and location of the dam caused the flooding. Id. at 503, 512 S.E.2d at 453. This Court agreed with the defendant's argument that due to the complexity of the events surrounding the flooding, expert testimony was necessary to establish proximate cause. Id. at 504-05, 512 S.E.2d at 453.
In contrast to Davis , this Court has held in simple flooding cases that lay testimony may suffice to establish proximate cause. See BNT Co. v. Baker Precythe Development Co. , 151 N.C. App. 52, 57-58, 564 S.E.2d 891, 895 (2002) (reasoning that "a layperson could form an intelligent opinion about whether the flooding was caused by the closing of [a] ditch"); Banks v. Dunn , 177 N.C. App. 252, 256, 630 S.E.2d 1, 3 (2006) ("[T]he instant case does not involve a reservoir, a dam, or other large scale municipal water project; nor does it involve the interplay of water currents upstream and downstream of [the] plaintiff's property; the calculation of water flow rates; consideration of rainfall rates; determination of the boundary of the 100 year flood plain; or any other complex calculation.").
Plaintiffs contend this case is controlled by BNT and other simple flooding cases, while Defendants assert this case is closer to Davis . The undisputed evidence of complex environmental circumstances in this case is more akin to that in Davis , so the trial court did not err in granting summary judgment in favor of Defendants for Plaintiffs' lack of expert testimony on the issue of proximate cause. Much like Davis , the factors related to causation in this case included corresponding rainfall events, a designated wetlands area, water flow patterns through open channels and corrugated metal pipes, sedimentation deposits, and runoff from various sources including a NC DOT storm-water box that directed water from an adjacent highway onto the Properties. Because of these multiple factors as well as evidence of flooding on the Properties prior to the construction of the Cottages, the trial court did not err in concluding that Plaintiffs could not raise a genuine issue of material fact regarding proximate cause without introducing expert testimony. Accordingly, we affirm the trial court's orders granting Defendants' Motions for Summary Judgment.
Conclusion
Because Plaintiffs' lay testimony could not raise a genuine issue of material fact regarding causation in this case, we hold the trial court did not err in granting Defendants' Motions for Summary Judgment.
AFFIRMED.
Report per Rule 30(e).
Judges ELMORE and MCCULLOUGH concur.

Defendants filed a motion to dismiss Plaintiffs' appeal because Plaintiffs filed their appellate brief two days after the deadline required by Rule 7(b) of the North Carolina Rules of Appellate Procedure. It is well established that Rule 7(b) violations are non-jurisdictional and are not grounds for dismissal unless they amount to a "substantial or gross" violation. Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp., Inc. , 362 N.C. 191, 657 S.E.2d 361 (2008). Plaintiffs' two-day delay, which was due to weather, was not a substantial or gross violation, and we therefore deny this motion.